Harold Hyman, J.
Petitioner moves to stay arbitration proceedings.
The question is one of first impression under New York’s “ No-Fault Law ” (Comprehensive Automobile Insurance Reparations Act; Insurance Law, art. XVIII, effective February 1, 1974).
The facts are, briefly, that on August 14, 1974, one May Bailey was found lying between two buses parked at the curb; she was bleeding, and was removed to a hospital; the Police Department’s aided card is alleged to state “ aided does not recall how she was injured ’ ’.
An application for first party benefits was made by Bailey upon movant, Green Bus Lines, Inc., a “ self-insurer ”, pursuant to subdivisions 1, 2 and 10 of section 671 and subdivision 1 of section 675 of the Insurance Law. Movant denied the benefits. This resulted in the alleged ‘1 covered person” (Insurance Law, § 671, subd. 10) demanding arbitration.
Movant contends that it was not the intent of the Legislature to compel arbitration where the matter will unquestionably develop into serious litigation, particularly so where, as at this arbitration, movant states it will be compelled to bare its proof which would be better left for trial as to the issue of whether or not contact occurred with claimant Bailey by reason of the operation of its bus, and since this issue, contact, is the threshold question, it must be determined by the court before redress under the “ No-Fault Law ” can be obtained.
True it is that section 672 (subd. 1, par. [a]) of the Insurance Law states “ for loss arising out of the use or operation * * * of ¡such motor vehicle ”, but this does not mean that the insurer has the right to make such a final determination as to “ use or operation ” on its own and to thereby, per se, foreclose claimant from having her claim as to the insurer’s liability to pay “ first party benefits ”, determined with .finality within the purvieiw and intent of the Legislature, merely because it says that no contact or use ¡or operation ensued. For that purpose the New York State Insurance Department was permitted *485 and authorized to promulgate rules and regulations which prescribe methods for such determination.
The Insurance Department has promulgated definitive applicable rules; it provided for gust such a situation as to self-insurers, stating therein (11 NYCKR 65.1 [j] [4]): “In the event any person ¡making a claim for first party benefits and the self-insurer ¡do not agree regarding any matter relating to the claim, such persons shall have the option of submitting such disagreement to binding arbitration ”. (Emphasis supplied.) This a*ule and regulation is not to be stultified or restricted into absurdity. Certainly, in its use of the terminology “ any matter” there was no intention to restrict but rather to enlarge upon the scope of the inquiry. This scope in the opinion of the court is ‘1 any matter relating to the claim ” and includes, but is not merely limited to, a determination of the issue of liability itself, as well as all of the aspects and elements which go to the issue of such liability to pay, one of which is ‘the issue of whether or not claimant is a “covered person” within the purview of subdivision 10 of section 671 of the Insurance Law.
Petitioner’s motion to stay arbitration is denied.