■ In the Matter of JUDITH GLAZER, Appellant, v JOSEPH N. HANKIN, Individually and as President of Westchester Community College, et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to prohibit respondents from terminating her employment, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated September 8, 1975, which (1) denied the application, (2) dismissed the petition and (3) vacated a temporary restraining order. Judgment affirmed, with one bill of costs to respondents jointly. Special Term was entirely correct in holding that the position occupied by petitioner was in the unclassified civil service and that she therefore had no right, either at law or by contract, to be dismissed solely for misconduct or incompetency shown after a hearing on stated charges pursuant to section 75 of the Civil Service Law. The provisions of the faculty handbook requiring notice of nonreappointment by certain dates relate only to tenurable positions; they do not apply to petitioner; accordingly, she gained no right therefrom to continued employment or to the procedural protections of due process before being discharged. Petitioner's Taylor Law claim of an unfair employer practice is not cognizable in the first instance in the courts (see Civil Service Law, § 205, subd 5, par [d]). Petitioner has briefed certain issues, and has submitted an appendix containing proof of facts relating to these issues, which were not raised at Special Term. An appellate court is not the proper forum in which to litigate and supply proof of disputed issues which were not previously raised *(Slater v Gallman,* 38 NY2d 1). Rabin, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.

■ In the Matter of GREEN BUS LINES, INC., Appellant, v MAY BAILEY, Respondent.—In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Queens County, dated January 20, 1975, which denied the application. Order affirmed, with $50 costs and disbursements. The constitutional issues urged by appellant were not raised at Special Term; nevertheless, we have considered them on this appeal and find them to be of no substantial merit *(Montgomery v Daniels,* 38 NY2d 41). Rabin, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur. [80 Misc 2d 483.]