Arnold L. Fein, J.
This is an application by the petitioner Allcity Insurance Company (Allcity) for an order staying respondent Robinson’s demand for arbitration pending a preliminary trial of whether respondent Hanover Insurance Company’s disclaimer of coverage is valid.
Respondent Wanda Robinson (Wanda), an infant pedestrian, was struck by a vehicle owned by Juan A. Ferreira and operated by one Truvett Brown. Wanda’s father, Lynwood Robinson, made claim for "no-fault” benefits on behalf of his daughter under his own policy of insurance with petitioner and simultaneously with respondent Hanover Insurance Company (Hanover) as the insurer of the offending vehicle herein.
Hanover, which first claimed that its insurance policy on the offending vehicle had been canceled, asserts in an opposing affirmation that Mr. Ferreira sold the automobile three days before the occurrence and thus still disclaims coverage at this time.
Although a pedestrian is entitled to "no-fault” benefits from the insurer of the offending vehicle, this threshold issue should be decided not by the court but in the arbitration forum. The controlling statute (Insurance Law, § 675, subd 2) mandates that "[e]very insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits, the amount thereof or any other matter which may arise * * * to binding arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.” (Emphasis supplied.) The policy form approved by the superintendent contains the following clause: "Arbitration. In the event any person making a claim for first party benefits and the Company do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement to binding arbitration” (11 NYCRR 65.2; emphasis supplied).
No authorities on the specific issue have been cited or found. The case appears to be one of first impression. The purpose of no-fault insurance and the broad language of the mandatory arbitration provision demonstrate that the issue as to the validity of the purported cancellation of coverage by the insurer is to be submitted to the arbitrator upon appropriate demand in accordance with subdivision 2 of section 675 of the *636 Insurance Law and not to the court. Matter of Malone (16 NY2d 1027), relied on by petitioner, holds only that an insurer has the right to a preliminary trial on the question of whether an alleged tort-feasor was insured before being required to arbitrate a claim brought under an uninsured motorist endorsement. However, there is a marked difference between no-fault coverage and an uninsured motorist endorsement. The very objective of the legislation requiring no-fault coverage was to remove from the courts and to place before the arbitrators a specific class of litigation. Subdivision 2 of section 675 of the Insurance Law specifically provides the claimant "with the option of submitting any dispute involving the insurer’s liability to pay first party benefits * * * or any other matter which may arise * * * to binding arbitration”.
The provision for arbitration is set forth in the broadest terms. The palpable purpose is to avoid the problems which resulted from the much narrower arbitration clause in the uninsured motorist endorsement, under which threshold questions were reserved for the courts. This has resulted in endless and time consuming litigation by motions to compel or to stay arbitration, much of which requires extensive hearings or trials. As stated in Matter of Nassau Ins. Co. v Ebin (81 Misc 2d 168, 170):
"The 'no-fault’ arbitration clause language obviates the burdens placed on the courts, the parties and the Bar by the narrow clause in the uninsured motorist indorsement. It covers 'any matter relating to the claim’ raised by 'any person making a claim’.”
Analogous to our case is Matter of Green Bus Lines (Bailey) (80 Misc 2d 483) holding that the threshold issue as to whether contact occurred with the claimant so as to invoke no-fault coverage was for the arbitrator and not to be reserved for the court, contrary to the procedure with respect to a similar claim under uninsured motorist coverage. In that case, claimant was found lying between two buses parked at the curb. The police report stated that she did not know how the accident occurred. The court denied the motion to stay arbitration, relying upon an Insurance Department regulation concerning self-insurers (11 NYCRR 65.1 [j] [4]) which is substantially similar to subdivision 2 of section 675 of the Insurance Law.
Accordingly, the issue as to the validity of the purported cancellation of coverage by the insurer of the alleged offending *637 vehicle is to be decided by arbitration, claimant having elected to proceed in that manner pursuant to subdivision 2 of section 675 of the Insurance Law. The petition is dismissed and the parties are directed to proceed to arbitration.