■    In the Matter of THEODORE POLON, INC., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 78 to review respondent's determination, dated November 17, 1975, which, after a hearing at which petitioner pleaded "No Contest" to certain charges, suspended its retail liquor store license for a stated period and imposed a bond forfeiture of $1,000, petitioner appeals from a judgment of the Supreme Court, Kings County, dated April 7, 1976, which dismissed the proceeding. Judgment affirmed, with $50 costs and disbursements. While the penalty imposed was extremely severe, it was not so disproportionate to the offenses charged as to shock one's sense of justice *(Matter of Stolz v Board of Regents of Univ. of State of N. Y.,* 4 AD2d 361). The scope of review in matters of this nature is very narrow, since a reviewing court must accord great weight to the determination of the administrative agency which imposed the penalty *(Matter of Ahsaf v Nyquist,* 37 NY2d 182; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Shapiro, JJ., concur.

■    In the Matter of TORANCE REYNOLDS et al., Petitioners, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated May 28, 1975 and made after a fair hearing, that no application for authorization for medical assistance had been submitted to the local agency. Determination confirmed and proceeding dismissed, on the merits, without costs or disbursements. The petitioner has the burden of proving eligibility for medical assistance (see *Lavine v Milne,* 424 US 577). This burden includes proving that an application was made for assistance. Applying the substantial evidence test, the record supports the inference that the petitioner did not make an application for medical assistance. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.

■    In the Matter of ROYAL-GLOBE INSURANCE COMPANY, Appellant, v CURTIS BUTLER, Respondent.—In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Westchester County, entered July 1, 1976, which denied the application and directed the parties to proceed to arbitration. Order affirmed, with $50 costs and disbursements. The no-fault arbitration agreement, in contrast to the uninsured motorist arbitration clause, is very broad and includes threshold issues *(Matter of Green Bus Lines v Bailey,* 50 AD2d 924; *Matter of Walker v Government Employees Ins. Co.,* 54 AD2d 911). Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Shapiro, JJ., concur.