■ In the Matter of RAYMOND W., Appellant.—Appeal from an order of the Family Court, Kings County, dated June 9, 1975, which, after a fact-finding determination that appellant had committed acts which, if done by an adult, would constitute the crimes of murder in the second degree and burglary in the first degree, adjudicated him a juvenile delinquent and directed his placement. Order affirmed, without costs or disbursements. Appellant's confession was properly admitted into evidence. Although we disapprove of the practice, we note that appellant's confession is not exclud-able for the reason that it was made under oath. As a matter of law, there was no testimonial compulsion. The oath was administered at the behest of an Assistant District Attorney, a nonjudicial officer, who questioned appel-lant in the youth room of the local precinct. Appellant was not then under arrest; he was fully advised of his *Miranda* rights; and his mother was present during the interrogation (see *People v Oakley,* 9 NY2d 656; *People v Foley,* 8 NY2d 153; *People v Ferola,* 215 NY 285). Nor was the confession involuntary as a matter of fact. After the oath was administered and the *Miranda* warnings given, and with his mother's consent, appellant expressly agreed to talk to the Assistant District Attorney. Although he had allegedly previously told detectives otherwise, appellant then told the assistant that he had no knowledge of the crime, insisting that this was the truth. The assistant reminded him that he was under oath, but never once mentioned or threatened him with any perjury charge. Indeed, when it became obvious that appellant would not change his story, the assistant simply ended the interrogation. It was not until after the interrogation session had been concluded and appellant had spent some time talking with his mother that he indicated, on his own, that he wished to speak with the Assistant District Attorney again. The assistant was then called back and, after being re-minded that he was still under oath, appellant voluntarily admitted his participation in the crime. At no point had appellant indicated, in any way, that he wished to remain silent. We have considered appellant's other arguments for reversal and find them to be without merit. Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

■ In the Matter of the Arbitration between LINDA WALKER, Respon-dent, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.—In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Nassau County, dated December 15, 1975, which denied the application. Order affirmed, with $50 costs and disbursements. The no-fault arbitration agreement, in contrast to the uninsured motorist arbitration clause, is very broad *(Matter of Green Bus Lines v Bailey,* 50 AD2d 924, affg 80 Misc 2d 483). Included therein are such threshold issues as the question of involvement in the accident. Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.