◼ In the Matter of JAMAICA HOSPITAL, Respondent, v VOGEL & STRUNK, Appellant.—In a proceeding pursuant to CPLR 3102 (subd [c]), *inter alia,* for disclosure "to aid in arbitration", the claimant in the arbitration proceeding, Vogel & Strunk, appeals from an order of the Supreme Court, Queens County, dated November 17, 1976, which, upon granting the application of the petitioner-respondent hospital, directed it, the claimant, to furnish a more definite statement of its claim, submit to a deposition upon oral questions and permit the hospital to examine those records which are relevant to the claim. Order reversed, in the exercise of discretion, without costs or disbursements, and motion remitted to the arbitrator for determination on the merits. Disclosure is to be sparingly allowed in arbitration proceedings. Under the circumstances of this case, we think that the relief sought by the petitioner should be considered by the arbitrator, and we exercise the discretion reposed in the court under CPLR 3102 (subd [c]) by directing that the arbitrator determine the mode of relief, if any, to be granted. The arbitrator, having jurisdiction over the parties and knowledge of the controversy, as well as, in certain circumstances, expertise in the field in which the dispute has arisen, is in a better position than a Judge sitting at Special Term to fashion the proper relief needed to facilitate his ultimate decision (cf. *De Sapio v Kohlmeyer,* 35 NY2d 402, 406). Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.

◼ In the Matter of the Arbitration between NATALIE WALTERS, Respondent, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Nassau County, dated October 14, 1976, which denied the application. Order affirmed, with $50 costs and disbursements. Special Term correctly concluded that under the automobile policy issued by petitioner-appellant to claimant-respondent, the latter was entitled to claim first-party benefits arising from out-of-State accidents in view of the specific endorsement in the policy affording that protection, and that the mandatory arbitration provisions of the policy were applicable to all disputes relating to said claim, the clear legislative intent being the submission of all disputes relating to claims for first-party benefits to binding arbitration (see *Matter of Walker [Government Employees Ins. Co.],* 54 AD2d 911; *Matter of Green Bus Lines v Bailey,* 50 AD2d 924, affg 80 Misc 2d 483). Accordingly, the motion to stay arbitration was properly denied. Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.