Jasen, J.
(dissenting). I dissent and would affirm the order of the Appellate Division.
Were this a consensual arbitration the review of which is governed by CPLR article 75, I would agree that the arbitrator’s determination was not so irrational as to require its vacatur. However, inasmuch as submission of this dispute to arbitration was not consensual but compulsory (Insurance Law, § 675, subd 2; Matter of Walters [Government Employees Ins. Co.], 57 AD2d 843), due process demands application of a more critical standard of review. (Mount St. Mary’s Hosp. v Catherwood, 26 NY2d 493, 508.) Unlike a determination made in a consensual arbitration, which may be vacated only if completely irrational (CPLR 7511, subd [b]; see Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582), a determination made in a compulsory arbitration may be vacated where the determination lacks a rational basis. (Caso v Coffey, 41 NY2d 153, 158; Mount St. Mary’s Hosp. v Catherwood, 26 NY2d, at p 508, supra.)
Applying this standard of review to the case at hand, I conclude that the arbitrator’s award lacks a rational basis. To interpret the reference in the Insurance Law (§ 672, subd 2) to the Vehicle and Traffic Law (§ 1192), as requiring a conviction before an insurer may disclaim coverage because of an insured’s intoxication is, in my view, arbitrary and capricious. Certainly, the sole purpose for which this statutory reference was included was to provide a definition of intoxication.
As the Appellate Division observed, to permit an insurer to disclaim coverage only if the insured is convicted of driving while intoxicated places an unreasonable burden upon the insurer. First, as the court noted, the more stringent standard of proof in a criminal case would require that intoxication be proved beyond a reasonable doubt — a requirement standing in marked contrast to additional exclusions available under section 672 provable by a preponderance of the evidence. Moreover, there always exists the possibility that a disclaimer may never be available if, in the exercise of discretion, an insured is not prosecuted for driving while intoxicated.
*1043 For these reasons, I would agree with the Appellate Division that the arbitrator’s determination lacked a rational basis and should be vacated.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum; Judge Jasen dissents and votes to affirm in a separate opinion.
Order reversed, etc.