OPINION OF THE COURT
Joseph Slavin, J.
The claimant’s motion for an order vacating the arbitrator’s award of March 26, 1981 and reinstating the original award of the arbitrator dated January 8, 1981 is denied and the March 26, 1981 award is confirmed (CPLR 7511, subd [e]).
It is alleged that the claimant was injured in an automobile accident which occurred on February 22, 1978. It appears that a dispute with the respondent insurer arose as to the amount of the first-party benefits due the claimant. The claimant then opted to submit this dispute to arbitration, as was his right under section 675 of the Insurance Law. The original award by the arbitrator dated January 8, 1981 determined that an aggregate sum amounting to $5,954.84 was due the claimant. The claimant’s request for counsel fees was also granted in the sum of $1,080. Thereafter, the respondent insurer requested, pursuant to CPLR 7509 and 7511 (subd [c]), that the arbitrator modify her award. Apparently the claimant did *624 not oppose the request, and submitted no opposing papers thereto. The respondent’s request for modification resulted in the award dated March 26,1981 which then determined that there was an overpayment to the claimant in the sum of $3,306.84 and that there was no entitlement to attorney’s fees.
The arbitrator based her March 26, 1981 award modifying the prior award on section 671 (subd 2, par [b]) of the Insurance Law which provides that Social Security benefits are to be deducted from “first party benefits”. Counsel for the claimant admits that he received a copy of the March 26, 1981 award on April 2, 1981. It is undisputed that the claimant has not requested any review of the arbitrator’s award by a master arbitrator. The respondent contends that the claimant having failed to seek a timely review of the arbitrator’s award before a master arbitrator, is now precluded from seeking a review by the court or by a master arbitrator.
No case on the issue raised by respondent’s contention has been cited and none has been found. However, the court concludes, after reading section 675 of the Insurance Law and the arbitration procedures promulgated by the Superintendent of Insurance, that the respondent’s contention is valid. One of the objectives of “no-fault” legislation was to remove from the courts and to place before arbitrators a specific class of litigation (Matter of Allcity Ins. Co. [Robinson], 87 Misc 2d 634, 636).
Subdivision 2 of section 675 of the Insurance Law contains the relevant provision — “Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits *** to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.” This broad arbitration provision embraces all disputes with respect to entitlement to first-party benefits under the statute (Ryder Truck Lines v Maiorano, 44 NY2d 364, 369). Subdivision 2 of section 675 of the Insurance Law also provides that “[a]n award by an arbitrator may be vacated or modified by a master arbitrator in accordance with simplified precedures [sic] to be promulgated or approved by the superintendent. * * * The decision of an arbitrator *625 shall be binding except where vacated or modified by a master arbitrator.”
The applicable rules and procedures for review of an arbitrator’s award promulgated by the Superintendent of Insurance as authorized by subdivision 2 of section 675 of the Insurance Law are set forth in 11 NYCRR 65.17. Paragraph (a) of such procedures provides in part as follows: “An award by an arbitrator rendered pursuant to section 675(2) of the Insurance Law * * * may be vacated or modified solely by appeal to a master arbitrator”. (Emphasis supplied.)
The foregoing statute and rules and procedures convinces the court that the claimant by electing to submit his dispute to arbitration was required to seek review of the award by a master arbitrator before seeking review by the courts. The failure to exhaust his remedy in accordance with the statute and the applicable rules and procedures, precludes him from seeking a review by this court.
The claimant’s alternative request for a rehearing before a master arbitrator is denied. The time limitations for review by a master arbitrator pursuant to 11 NYCRR 65.17 (d) (2) (i) have expired. Moreover, even if this court had the power to review the arbitrator’s award, it would have to hold that there is a rational basis for the March 26, 1981 award and consequently deny the motion to vacate the award (see Matter of Garcia v Federal Ins. Co., 46 NY2d 1040).