OPINION OF THE COURT
Gloria Cohen Aronin, J.
Defendant Sylvia C. Frolich is a doctor (plastic surgeon), who treated the insured, Roohama Joseph, for extensive facial injuries sustained in an automobile accident. On July 6, 1982, the defendant submitted her bill for medical services in the amount of $12,661.70 to the plaintiff Country-Wide Insurance Company pursuant to the provisions of the Comprehensive Automobile Insurance Reparations Act (Insurance Law, art XVIII). On December 19, 1982, defendant received a draft in the amount of $12,014.32 and a denial of claim form as to the balance of $649.38 (the carrier erroneously listed the bill as $12,663.70) which contained notice that defendant had the option to submit the dispute as to the amount denied to arbitration. Defendant did not choose to arbitrate the small amount denied and cashed the payment draft.
Soon thereafter defendant received a call from plaintiff stating that an error had been made and that defendant had been overpaid by approximately $10,000. On January 19,1983 plaintiff commenced the present lawsuit seeking a *1090 return of $10,000 which it claims was paid by error and in violation of the no-fault standard fee schedule for health services adopted under section 678 of the Insurance Law. In her answer defendant raised the defense of compulsory arbitration, among others. Defendant brings the present motion as a cross motion to plaintiff’s motion for an examination before trial to compel plaintiff to submit the controversies in this action to arbitration as provided by section 675 of the Insurance Law and to stay the hearing and determination of the within action and/or any other motions therein, pending the resolution of this motion.
While this court does not have jurisdiction over a special proceeding involving an arbitration controversy, CCA 206 confers jurisdiction to determine the motion to compel arbitration, to wit: “(a) If an action of which the court has jurisdiction has been duly commenced therein, and there arise in such action any questions relating to the arbitrability of the controversy, the court shall have jurisdiction completely to dispose of such questions”.
In the instant case, action was brought for moneys allegedly paid by mistake and for moneys had and received; the defendant raised the alleged requirement to arbitrate the controversy as a defense and thus the above statute applies.
Section 675 of the Insurance Law provides: “2. Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits, or additional first party benefits, the amount thereof or any other matter which may arise under subdivision one of this section to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.”
The Superintendent of Insurance promulgated rules regulating the procedures for arbitration as required by the statute. Pursuant to these regulations, procedures for initiation of arbitration were provided, to wit: An applicant for benefits may initiate proceedings by mailing a copy of the denial of claim form within a certain time period to the New York State Insurance Department or, if no denial of claim form has been issued, by completing a prescribed no-fault arbitration request form. (11 NYCRR 65.16 [c].)
*1091 Clearly, the option to arbitrate a dispute involving first-party benefits pursuant to the statute and regulations lies with the claimant, who may choose between the arbitration provided by statute and a judicial forum in the first instance.
The instant case presents a novel question because the insurer (plaintiff) brings action in this court to recover for moneys already paid to the claimant (defendant doctor), alleging payment by mistake. The defendant seeks a right to arbitration after payment and claim of mistake, a situation not specifically provided for by statute and apparently not previously decided.
The right of the claimant to choose between a judicial forum and arbitration has been construed liberally by New York courts to allow the claimant to submit any dispute involving first-party benefits under the No-Fault Law (see Ryder Truck Lines v Maiorano, 44 NY2d 364). Insurers have been required to arbitrate claims involving: questions of coverage under a policy (Matter of Allcity Ins. Co. [Robinson], 87 Misc 2d 634); whether petitioner was a covered person (Matter ofGreenBus Lines [Bailey], 80 Misc 2d 483); and whether no-fault health service benefits may be assigned (Matter of Nassau Ins. Co. v Ebin, 81 Misc 2d 168).
It is set forth in the statute that the option of choosing a court trial or arbitration belongs to the claimant against the insurer (Insurance Law, § 675, subd 2; Hughes v Nationwide Mut. Ins. Co., 98 Misc 2d 667) and that the “claimant” is the insured party or his assignee (Matter of Rosenblum [Government Employees Ins. Co.], 50 AD2d 607, affd 41 NY2d 966).
There is no question that the dispute involving defendant’s bill and the appropriate amount of payment for medical services under the no-fault health services fee schedule is an arbitrable dispute under the statute and regulations.
It would appear therefore that granting the motion to compel arbitration is consistent with the legislative intent of the statute and its implementary regulations. It is not provided or implied anywhere in the law that the fact that the moneys were paid, allegedly by mistake, should prevent this arbitration, unless a waiver of the claimant’s *1092 option is established. In the case of State Farm Mut. Auto. Ins. Cos. v Brooks (101 Misc 2d 704), an insurer sued to recover an overpayment and the case was heard by the court. However, the attorney for the defendant-claimant in that case waived arbitration in oral argument before the court (see p 708, n 2).
The court determines that defendant did not waive her right to arbitration. A waiver is a relinquishment of a known right. (Zurich Ins. Co. v Evans, 89 Misc 2d 717.) Defendant chose not to dispute the approximately $600 difference between the payment and the claim. There is no evidence that defendant was aware of a dispute regarding the approximately $10,000 now in dispute at that time. Thus, defendant could not knowingly have given up a right regarding the $10,000. There can be no waiver where the party allegedly waiving his right was unaware of a dispute. (Newburger v Lubell, 257 NY 383.)
The primary purpose of the compulsory arbitration provisions under the No-Fault Law is to effectuate speedy and efficacious determinations of disputes as to first-party benefits. As to disputes regarding health services, and particularly disputes involving charges in excess of the fee schedule, the regulations specifically provide for utilization of persons of expertise and training in these areas as arbitrators, to promote consistent application of fee schedules in no-fault and workers’ compensation cases. (11 NYCRR 65.16 [c] [3] [ii].) Thus health service arbitration is also clearly intended to provide for determinations of health service fees by persons uniquely qualified to make these determinations.
After arbitration pursuant to section 675 of the Insurance Law, and exhaustion of administrative remedies by appeal to the master arbitrator (Matter of Lampasona [.Prudential Prop. & Cas. Ins. Co.], 111 Misc 2d 623), parties have the right to judicial review under CPLR 7511. In addition, the statute provides that in the event of a master arbitrator’s award exceeding $5,000, a de novo hearing may be obtained as of right by either party. (Insurance Law, § 675, subd 2.) However, the fact that court litigation under the de novo provisions is likely does *1093 not justify denial of the arbitration. (Matter of Green Bus Lines [Bailey], supra.)
By reason of the provisions for a de novo trial above referred to, this action and the motion for discovery therein are stayed pending the arbitration and determination of the dispute and compliance with the conditions herein.
The motion to compel arbitration is granted on condition that defendant within 30 days from the date hereof properly requests arbitration pursuant to the regulations which implement the No-Fault Law and deposit the amount in dispute, to wit: $10,000, in escrow with defendant’s attorney, Peter C. Kopff, to be placed in an interest bearing account, to be disposed of by the arbitrator. If defendant fails to comply with the above conditions, the motion is denied and the plaintiff’s motion for an examination before trial is granted.