Louis Wallach, J.
This motion to stay arbitration of a claim made under a "no-fault” automobile insurance policy raises the principal issue of whether threshold questions relating to conditions precedent to recovery are to be decided by the court or the arbitrators.
Respondent Ramon Cardona is the insured person on a policy of automobile insurance issued by the petitioner. Respondents claim that on May 9, 1974 the insured vehicle was being operated by respondent Flores Cardona when it was struck by another car causing Mr. Cardona to be injured. It is further claimed that respondent Ebin is a physician who provided medical services and to whom respondent Flores Cardona has assigned his right to obtain payment for these services. Respondent Ebin contends notice of claim and invoice for services were forwarded to the petitioner on June 11, 1974 and that payment has not been made. A demand for arbitration was served on October 14, 1974 and petitioner then brought the instant application for a stay.
Petitioner contends that it had no notice of the accident prior to the service of a demand for arbitration, that "no-fault” benefits may not be assigned under its insurance policy, that the insured never gave notice of the accident, and that the law was never intended to permit a medical service provider to obtain direct payment where the insured person did not previously give notice of the accident.
Subdivision 2 of section 675 of the Insurance Law provides that: "Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits, the amount thereof or any other matter which may arise under subdivision one of this section to binding arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.”
Pursuant to section 21 and subdivision 4 of section 672 of the Insurance Law, the Superintendent of Insurance is charged with the duty of approving insurance policy forms for *170 "no-fault” coverage and establishing minimum benefit standards and regulations. The policy form approved by the superintendent contains the following arbitration clause: "Arbitration. In the event any person making a claim for first party benefits and the Company do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement to binding arbitration pursuant to procedures promulgated or approved by the Superintendent of Insurance.” (11 NYCRR 65.2.)
This is a broad arbitration agreement and under it any threshold questions are properly for the arbitrators and not the court. It would appear that the clause was drawn broadly so as to avoid a repetition of the problem caused by the narrow arbitration clause used in the New York uninsured motorist indorsement. Under that language, threshold questions were held to be reserved to the courts. As a consequence, there were literally thousands of cases in which the courts were compelled to determine conditions precedent questions on motions to compel or stay arbitration. Many of these required extensive hearings or jury trials. None of these hearings or jury trials finally determined the controversy between the parties but merely the question of whether the claimant was entitled to a subsequent hearing before an arbitration panel at which much of the same evidence would have to be reintroduced.
The "no-fault” arbitration clause language obviates the burdens placed on the courts, the parties and the Bar by the narrow clause in the uninsured motorist indorsement. It covers "any matter relating to the claim” raised by "any person making a claim”. Thus, questions as to the timeliness of notice, sufficiency of notice, the right of a medical service provider to make a direct claim, the right of assignment and all of the other objections raised by petitioner are to be decided by arbitration if the claimant so elects. Accordingly, the instant application is denied. The petition is dismissed and the parties are directed to proceed to arbitration.