Louis Wallach, J.
This is a motion by the petitioner for leave to renew and reconsider its prior motion to stay arbitration of a "no-fault” insurance claim.
*514 On petitioner’s original motion to stay arbitration, this court determined that threshold questions relating to alleged conditions precedent to recovery under no-fault insurance policies are to be decided by arbitration rather than by the courts. This determination was based on the broad arbitration provision of the Insurance Law (§ 675, subd 2) and the equally broad arbitration clause in the approved policy form of insurance promulgated by the Superintendent of Insurance pursuant to sections 21 and 672 of the Insurance Law.
In the instant motion, petitioner again contends that various notice requirements of the policy and of the Insurance Department’s regulations were not complied with by the respondents. The court has previously determined that these questions are to be resolved by the arbitrators. The case of Matter of Rosenbaum (American Sur. Co. of N. Y.) (11 NY2d 310), cited in petitioner’s brief, clearly is distinguishable. The language of the arbitration clause in the uninsured motorist’s endorsement construed in Rosenbaum provided (p 313) that: "In the event the insured and the company do not agree that the insured is entitled to recover damages from the owner or operator of an uninsured automobile on account of bodily injury to, or sickness, disease or death of the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then upon written demand of either, the matter or matters upon which the insured and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association”. The court there held that under this clause only two issues were arbitrable, the fault of the offending motorist and the amount of damages if fault were established. There was no agreement to arbitrate preliminary questions as to insurance coverage. The language of the arbitration provisions under the no-fault law is not so limited, however. Subdivision 2 of section 675 provides for arbitration by "a claimant” of "any dispute involving the insurer’s liability to pay first party benefits, the amount thereof or any other matter which may arise under subdivision one of this section to binding arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.” The arbitration clause in the approved form of policy states that: "Arbitration. In the event any person making a claim for first party benefits and the Company do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement *515 to binding arbitration pursuant to procedures promulgated or approved by the Superintendent of Insurance.” (11 NYCRR 65.2.) Accordingly, the rationale of the Rosenbaum case has no application to no-fault claims.
In support of its present application, petitioner contends further that this court’s original decision constitutes an unconstitutional deprivation of its contractual and property rights.
It is clear that under the police power, the State may validly regulate the business of insurance and the contents of insurance contracts so long as such regulation is reasonable and does not deprive the insurance company of due process of law. (Hoopeston Co. v Cullen, 318 US 313; Merchants Liab. Co. v Smart, 267 US 126.) The business of writing insurance has long been recognized as a business affected with the public interest and is, therefore, subject to detailed regulation by the State for the protection of the public. (Matter of People [Int. Workers Order], 199 Misc 941, affd 280 App Div 915, affd 305 NY 258, cert den 346 US 857, rehearing den 346 US 913.) In the case of Insurance Co. v Glidden Co. (284 US 151, 158) the Supreme Court stated: "the procedure by which rights may be enforced and wrongs remedied is peculiarly a subject of state regulation and control. The Fourteenth Amendment neither implies that all trials must be by jury, nor guarantees any particular form or method of state procedure. See Missouri ex rel. Hurwitz v North, 271 US 40. In the exercise of that power and to satisfy a public need, a state may choose the remedy best adapted, in the legislative judgment, to protect the interests concerned, provided its choice is not unreasonable or arbitrary, and the procedure it adopts satisfies the constitutional requirements of reasonable notice and opportunity to be heard.”
This court holds that the instant arbitration provisions are not unreasonable and fit in with one of the acknowledged purposes of the no-fault law which was to relieve the courts of the congestion caused by automobile cases. (Subia v Cosmopolitan Mut. Ins. Co., 80 Misc 2d 1090, 1094.) The petitioner’s constitutional right to reasonable notice of the arbitration proceeding and opportunity to be heard are protected by CPLR 7511. That section also provides relief from any partiality of an arbitrator or from corruption, fraud or misconduct in procuring an arbitration award.
The petitioner’s motion for leave to renew and for reconsid *516 eration is granted and, on renewal and reconsideration, the original decision denying the motion to stay arbitration is adhered to.