■ In the Matter of NASSAU INSURANCE COMPANY, Appellant, v DENISE McMORRIS, Respondent.—In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Queens County, dated January 13, 1976, which denied the application and directed the parties to proceed to arbitration. Order affirmed, with $50 costs and disbursements. The no-fault

arbitration agreement, in contrast to the uninsured motorist arbitration clause, is very broad and includes threshold issues (see *Matter of Nassau Ins. Co. v Ebin,* 81 Misc 2d 168, adhered to upon reconsideration 82 Misc 2d 513; *Matter of Allcity Ins. Co. [Robinson],* NYLJ, May 3, 1976, p 7, col 4). Cohalan, Damiani and Titone, JJ., concur; Shapiro, J., dissents and votes to reverse the order and grant the application to stay arbitration pending a determination as to whether the vehicle in question was insured by petitioner at the time of the accident, with the following memorandum, in which Martuscello, Acting P. J., concurs: This court is upholding the order made at Special Term which denied the application of the petitioner, Nassau Insurance Company, to stay the arbitration requested by the respondent, who was injured while a passenger in a taxicab owned by the petitioner's assured, Hedayetollah Nikdel Kazerouni. The respondent sought "no-fault" arbitration on the theory that the taxicab was insured by the petitioner. The question is whether, when an insurer claims that its policy was canceled prior to the date of the accident, the question of cancellation is one to be determined by the arbitrator or by the court. Special Term, in denying petitioner's application for a stay of arbitration, held that such question was to be determined by the arbitrator. I disagree with this court's affirmance of that holding. Here the insurer has moved to stay arbitration on the ground that its policy of insurance covering the taxicab owned by its assured, and in which the claimant was riding as a passenger when she was injured on December 13, 1974, had been canceled, effective November 23, 1974, "by appropriate and due notices sent to the assured in accordance with the statutory requirements and the terms and provisions of his policy." Thus, the basis of the insurer's motion to stay arbitration is that it had no policy of insurance outstanding covering the taxicab in which the claimant was riding when she was injured. The initial question therefore is " 'whether the parties have agreed to arbitrate the particular dispute' *(Steelworkers v American Mfg. Co.,* 363 US 564, 570–571; CPLR 7503, subd [b]; compare *Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380)" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91, 95). In *Nationwide,* the court said (p 96): "Basically the courts perform the initial screening process designed to determine in general terms whether the parties have agreed that the subject matter under dispute should be submitted to arbitration." Here the insurer contends that there was no insurance policy in effect at the time of the accident. The insured does not appear in this case and therefore does not dispute that contention. It would seem to brook of no doubt that if there is no insurance policy there is no arbitration agreement. The claimant does not deal with this question in her brief, relying instead on *Matter of Nassau Ins. Co. v Ebin* (82 Misc 2d 513), in which Mr. Justice Wallach granted a motion for renewal and reconsideration, and, on reconsideration, reaffirmed his earlier decision (81 Misc 2d 168) denying the insurer's motion to stay arbitration. In the decision on the motion for reconsideration Mr. Justice Wallach stressed the difference in the breadth of the language of the arbitration clause in the uninsured motorist's indorsement and of the arbitration clause in the approved form of no-fault policy. He also rejected the insurer's contention that it was unconstitutionally deprived of its contractual rights when it was compelled to arbitrate on the issues of whether the insured had given it notice of the accident prior to the claimant's demand for arbitration, and on whether no-fault benefits may be assigned under its policy. But, in the *Ebin* case, the existence of the policy and its effectiveness were not in issue. What was in issue was whether certain conditions precedent to the invocation of liability

thereunder had been satisfied. The case of *Matter of Empire Mut. Ins. Co. (Golodner)* (NYLJ, Sept. 15, 1975, p 6, col 1), relied on by Special Term in support of its denial of the motion to stay arbitration, is similar to *Ebin.* There, too, there was no issue as to whether a policy of insurance containing the clause requiring arbitration was in effect at the time of the accident. The issue was whether conditions precedent to liability had been satisfied. In *Matter of Green Bus Lines (Bailey)* (80 Misc 2d 483) and *Matter of Jamaica Buses (Moran)* (NYLJ, Nov. 10, 1975, p 11, col 2) the defendant bus companies were self-insurers and, while there were no policies of insurance, both bus companies were properly held subject to the requirements of the no-fault statute and the regulations issued thereunder, which included the broad arbitration clause required under the regulations issued by the Superintendent of Insurance (see Insurance Law, art 18; 11 NYCRR 65.2). As self-insurers they could not claim that they were not subject to the arbitration requirements of the statute and regulations. Furthermore, their claims were not that they were not bound to arbitrate, but that in one case the claimant under the no-fault law was limited to his Workmen's Compensation benefits (the claimant was an employee) and that the claimant in the other case had not been injured in an accident which involved contact with her by reason of the operation of a bus (the claimant was found lying between two buses parked at the curb; she was bleeding and was taken to a hospital). In none of these four cases was there any issue as to whether there was in effect any agreement at all by the insurer to arbitrate, or a duty on his part to do so imposed by requirement of law. Since here there is a question whether there was such an agreement in effect at the time of the claimant's injury, that question is one for determination by the courts and not by arbitrators (cf. *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer., supra).* Hence the order appealed from should be reversed and the petitioner's application for a stay of arbitration should be granted pending a determination of the issue as to whether the insurance policy was in effect at the time of the accident.