■ OHIO CASUALTY GROUP, Respondent, v ROCCO AVELLINI, Appellant.— Order, Supreme Court, New York County, entered March 17, 1976, granting petitioner's motion to stay arbitration pending trial of the issue whether there was a contractual obligation to proceed to arbitration, unanimously reversed, on the law, and the stay of arbitration denied. Appellant shall recover of petitioner-respondent $40 costs and disbursements of this appeal. The petitioner insurance carrier, although licensed to do business in this State, claims that it does not write policies for residents of New York. It issued a policy of automobile liability insurance to the respondent in New Jersey. Thereafter, the respondent was injured in an accident, and, claiming benefits under the New York no-fault law, he demanded arbitration, which the petitioner moved to stay, asserting that the New Jersey policy would not cover a no-fault claim for an accident in New York and that, when the policy was issued, the respondent claimed that he was a New Jersey resident when, in fact, he lived in Brooklyn. In *Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.* (37 NY2d 91), relied upon by the Special Term, the obligation to arbitrate arose out of the agreement of the parties and hence could not be broader than that agreement. Here the obligation to arbitrate is not found in the policy but is imposed upon that agreement by article XVIII of the Insurance Law, the Comprehensive Automobile Insurance Reparations Act. It is imposed not only upon New York policies but also upon policies written for nonresidents when their automobiles are operated in this State and the insurer is authorized to transact business here (Insurance Law, § 676). The article grants every claimant the option of submitting to arbitration "any dispute involving the insurer's liability to pay first party benefits" (Insurance Law, § 675, subd 2). It is therefore broad enough to cover the threshold question presented here. (See *Matter of Nassau Ins. Co. v McMorris,* 53 AD2d 694; *Matter of Nassau Ins. Co. v Ebin,* 81 Misc 2d 168.) Concur—Markewich, J. P., Murphy, Birns, Nunez and Lynch, JJ.