Charles H. Cohen, J.
Petitioner Zurich has made this application to stay arbitration of a dispute concerning "Unpaid No Fault benefits” sought by respondent Evans. Zurich contends that this stay should be granted: (1) because some six months prior to the incident giving rise to this claim it had canceled the insurance policy issued to one Gillespie under which policy Evans, as a passenger in a motor vehicle owned and operated by Gillespie, seeks first-party benefits; and (2) because Evans, prior to the service of the notice of intention to arbitrate, had waived any right to arbitration by reason of having instituted an action against Zurich seeking recovery of such benefits even though that action was marked "discontinued” by the court on the trial calendar upon Evans’ application made when Zurich failed to appear for trial. Evans responds by arguing: (1) that the issue of whether or not the insurance policy was canceled prior to this incident is to be determined by the arbitrator; and (2) that there can be no waiver of the right to arbitration because "a waiver of the right to arbitration * * * is applicable only to consenual [sic] arbitration and not mandatory, statutory arbitration and furthermore in view of the fact that * * * the lawsuit was discontinued upon the default of the petitioner’s attorney in the present proceeding there is no lawsuit pending and even if this were consenual [sic] arbitration there would be a right to arbitration.”
1. CANCELLATION OF POLICY
While it may forcefully be argued that if there is no insurance policy in existence on the date of the incident, the insurance company cannot be said to have agreed to arbitration so that the question of cancellation should be decided by the court, the Appellate Division, Second Department, in Matter of Nassau Ins. Co. v McMorris (53 AD2d 694) has held that the issue of whether or not an insurance policy was canceled prior to the date of the incident giving rise to the claim for no-fault benefits, is to be decided by the arbitrator. This determination is apparently based upon the broad language of subdivision 2 of section 675 of the Insurance Law referring to "any dispute involving the insurer’s liability to pay first party benefits” and the desirability of presenting whole cases to arbitration and avoiding trials of "threshold issues” which may delay the disposition of no-fault claims. (Banner Cas. Co. v Fox, 86 Misc 2d 772, 774; see, also, Ohio *719 Cas. Group v Avellini, 54 AD2d 632; Matter of Empire Mut. Ins. Co. [Faulkner], 52 AD2d 668; Matter of Nassau Ins. Co. v Ebin, 81 Misc 2d 168, adhered to upon rearg 82 Misc 2d 513.) Accordingly, the application to stay arbitration cannot be granted on this ground.
2. WAIVER OF ARBITRATION
The court has considered whether the issue of waiver as well as the issue of cancellation is for the arbitrator to determine. However, this issue of waiver is not merely a "dispute involving the insurer’s liability to pay first party benefits” but rather involves a determination of the forum where that dispute should be heard. Moreover, unlike the issue of cancellation, where the arbitrator, regardless of his decision, may expeditiously decide the whole matter, if the arbitrator were to determine that there was a waiver of a right to arbitrate, he could proceed no further. Accordingly, it is for the court to decide the issue of waiver.
A waiver is an intentional relinquishment or abandonment of a known right with both knowledge of its existence and an intention to relinquish or abandon it. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 403; Werking v Amity Estates, 2 NY2d 43, 52; Alsens Amer. Portland Cement Works v Degnon Contr. Co., 222 NY 34, 37.) A party who commences an action is "generally * * * assumed to have waived any right it may have had to submit the issues to arbitration.” (De Sapio v Kohlmeyer, 35 NY2d 402, 405; see, also, Bell v Herzog, 39 AD2d 813, 815; - Oklahoma Pub. Co. v Parsons & Whittemore, 255 App Div 589.)
It is said that "generally” one waives any right to arbitration by commencing an action since in a very limited set of circumstances it has been found that there was no waiver, despite the commencement of an action. Thus, no waiver has been found where it was not clear that there was a dispute (Newburger v Lubell, 257 NY 383), where a party sought to preserve the status quo while arbitration was pending (Zaubler v Castro, 23 AD2d 877) or where one was entrapped into taking action which could be called a waiver (Matter of American News Co., 130 NYS2d 554). No such situation has been presented here. Evans, represented by an attorney, chose to commence an action to recover claimed first-party benefits. No claim is made that when that action was commenced, *720 Evans and her attorney did not know that there was a dispute and a right to seek arbitration of that dispute.
Evans now argues, however, that since the action was discontinued, this has some effect on the right to arbitration. Yet, if there was an intent to abandon the right to arbitration, that right is irrevocably lost. As stated in Matter of Young v Crescent Dev. Co. (240 NY 244, 251): "The question is of the intent with which that act at that time was performed and if judged by the rules applicable to the question of intent it indicated a purpose to abandon the right to arbitration, the right thus lost cannot be recaptured by a subsequent change of mind and conclusion by respondents that after all they would rather proceed under the arbitration clause than under the Mechanics’ Lien Law. If the abandonment has been once made it endures for the purposes of this proceeding, and its consequences cannot be avoided.” Accordingly, it has been decided that the discontinuance of an action does not revive the right to arbitration which was waived by commencing the action. (Matter of Acme Cassa [Staten Is. Plaza], 7 Misc 2d 353.) Perhaps, a discontinuance on consent might reinstate a right to arbitration based upon an implied agreement of the parties to arbitrate (cf. La Hay, Inc. v Pathe Exch., 237 App Div 468, 470, affd 262 NY 483), but there was no such consent given here. For reasons best known to Evans and her attorney, when the action came on for trial and Zurich did not appear, Evans chose to discontinue rather than proceed to judgment.
Evans further argues that the doctrine of waiver is applicable only to "consenual” arbitrations and not to what is called "mandatory, statutory arbitrations.” The court observes that while the arbitration involved here is "statutory”, it is not "mandatory.” While subdivision 2 of section 675 of the Insurance Law gives the claimant the option of submitting a dispute concerning first-party benefits to arbitration, it does not mandate arbitration. (Chapman v American Motorists Ins. Co., 88 Misc 2d 115.) The "flitting between forums” (Denihan v Denihan, 34 NY2d 307, 311), which respondent Evans has sought to do, is not conducive to the prompt disposition of disputes and is not to be encouraged.
CONCLUSION
Accordingly, the application of petitioner Zurich to stay arbitration is granted.
*721 The court observes that despite respondent Evans’ statement that "petitioner would like the lawsuit to stay discontinued and the arbitration permanently stayed and that would end the matter very nicely for them”, the discontinuance was apparently by order of the court and, pursuant to CPLR 3217 (subd [c]), is without prejudice to instituting a new action. It is unfortunate that the determination of this particular dispute may be delayed by the necessity of instituting a new action, but any such delay would arise from the failure of respondent Evans to proceed to judgment in the action which she chose to bring and then chose to discontinue.