■ In the Matter of the Arbitration between AMERICAN INTERNATIONAL ADJUSTMENT Co., Appellant, and FELIX WALKER et al., Respondents. — Order of the Supreme Court, New York County (S. Schwartz, J.), entered April 10, 1984, which denied petitioner-appellant's application to stay arbitration of respondent Walker's uninsured motorist claim, made pursuant to uninsured motorist indorsement, is unanimously reversed, on the law, without costs and disbursements, and the application to stay arbitration is granted, pending determination at a preliminary trial of the issue of the insurance status of the alleged tort-feasor and of the offending vehicle.

On November 24, 1982, an accident occurred involving a vehicle driven by respondent Felix Walker and owned by David Joshua Hacking Corp. and a vehicle owned and operated by Thomas Robert. Walker demanded arbitration, claiming that Robert was uninsured, under Walker's insurance policy with petitioner American International Adjustment Co. Petitioner thereafter commenced this CPLR article 75 proceeding to stay the arbitration pending a trial determination of whether Robert was in fact insured by the Hartford Accident and Indemnity Company. In support of the motion, petitioner submitted a police accident report showing code number 161 for Robert, which code number is assigned to Hartford Accident and Indemnity Company, a police accident information exchange form, showing that

Hartford Accident was the insurance carrier for Robert, and Walker's own accident report, which stated that Hartford Accident was Robert's insurer. In opposition, Walker submitted a letter from Hartford Accident denying the existence of any insurance policy, a letter from the New York Department of Motor Vehicles revoking Robert's driving privilege for lack of insurance and several other items.

Petitioner submitted sufficient evidence to raise a substantial factual issue as to whether Robert was indeed an uninsured motorist and sufficient to require a stay of the arbitration until that issue is determined at a trial. (*Matter of Aetna Cas. & Sur. Co. [Bruton]*, 45 NY2d 871 [1978], *revg on dissenting mem of Justice Silverman,* 58 AD2d 551, 553-554.) Concur — Kupferman, J. P., Carro, Bloom and Rosenberger, JJ.