[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON WAIVER OF RIGHT TO ARBITRATION
The question presented here is whether the defendant in this contract action has waived his right to demand arbitration provided for in the contract.
The question of waiver often arises where a plaintiff who has commenced suit then seeks to arbitrate the matter Levineet al v. Advest Inc. 12 Conn. L. Rptr. 240, 241-243 (1994). Whether the claim of waiver is made because of the commencement of litigation by a party then seeking arbitration or whether the argument is made that there is a waiver because of a delay in demanding arbitration by a party who has been sued the underlying general considerations are the same. A court must decide whether a party by its actions knowingly relinquished a known right, Zurich Insurance Co. v. Evans392 N.Y.S.2d 564, 566 (1977). Another court has said that: "the essential question is whether, under the totality of circumstances, the . . . . party claiming arbitration has acted inconsistently with the arbitration right" NationalFoundation for Cancer Research v A. G. Edward Sons Inc.821 F.2d 772, 774 (DC Cir., 1987).
The Federal cases require a showing of prejudice to the party claiming waiver before waiver of the right of arbitration will be found. Page v Moseley, Hallgarten,Estabrook Weeden 806 F.2d 291, 293 (CA1, 1986), this is based on the strong federal policy in favor of arbitration, Rush vOppenheimer Co. 779 F.2d 885, 887 (CA2, 1968).
In this case an action was brought for breach of an agreement that had been entered into between the parties. The plaintiff filed a demand for disclosure of defense pursuant to P.B. 236 which in relevant part says a plaintiff may file a written demand for a disclosure of defense ":in any action upon any written contract." The disclosure filed by counsel referred to a contract between the parties. From this the court believes it can deduce that the defendant was aware of the entire contract and its provisions including those providing for arbitration.
Suit was brought here by the plaintiff with a complaint that had a return date of June 12, 1993. An appearance for the defendant was entered pro se on June 15, 1993. A motion for default for failure to appear was filed June 9, 1993 but was not acted on because it was premature. A motion for default for failure to plead was filed July 22 and granted CT Page 10513 July 23, 1993. An attorney entered an appearance for the defendant September 15, 1993. A motion for default for failure to disclose was filed January 31, 1994 and denied on February 14 since a disclosure of defense had been filed on February 7, 1994. An answer was filed on February 16, 1994. Interrogatories were filed, a motion for extension was filed by the defendant. A pretrial was apparently held in this matter and it was referred to an Attorney Trial Referee. In a Memorandum of Decision filed by the trial referee he stated that both parties agreed that "there had been no substantive pretrial motions nor had discovery been extensive.
The matter, as indicated was referred to the trial referee and set down for trial. On the date of trial each side was allowed to make a brief opening statement according to the trial referee. Upon completion of the plaintiff's opening statement the defendant raised the issue of jurisdiction before the trial referee based upon the arbitration clause in the contract.
The plaintiff represents the hearing before the trial referee was held on October 24, 1994, the trial referee's first memorandum was filed on that date and I have no recision to doubt that representation. The trial referee also noted, and the file supports the observation, that prior to the defendant's oral motion for arbitration immediately before the reception of evidence was to begin no demand for arbitration had been made by the defendant in the entire history of this case. From the observations made by the court as to the disclosure of defense the court also accepts the trial referee's conclusion that both parties knew of the right to arbitration; they were aware of the contract and its provisions so in any event they should be held to have known of their arbitration rights.
There clearly has been a waiver of the right of arbitration here. For sixteen months this matter proceeded without any claim for arbitration. A great deal of work wasn't done by the plaintiff to advance his case but some certainly was — various motions and interrogatories were filed, counsel attended a pretrial. The matter was then set down for actual trial and the court must assume plaintiff's counsel had to prepare for that trial. It was only after
plaintiff's opening statement that the defendant asserted his right to arbitration. CT Page 10514
A party shouldn't engage in a process which requires his or her opponent to prepare for trial, listen to the opening statement then demand arbitration. There was a knowing and intelligent waiver of the right of arbitration by the delay in asserting it and the integrity of the trial referee process also requires that a waiver be found. The very purpose of arbitration is to expedite the hearing of cases; it shouldn't be allowed to be used as a tactic that will result in more delay.