**STATE BANK OF INDIA, Plaintiff,**

v.

**STAR DIAMONDS, INC., et al., Defendants.**

**No. 95 Civ. 2930 (LAK).**

United States District Court, S.D. New York.

Oct. 25, 1995.

**178**

Paul F. Doyle, Shabbir S. Wakhariya, Kelley Drye & Warren, New York City, for Plaintiff.

Hector L. Santiago, Richmond Hill, NY, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff, an agency or instrumentality of the Government of India, seeks to recover the unpaid balance of principal and interest due pursuant to promissory notes, a credit agreement, and certain personal guarantees. Jurisdiction is premised on alienage and the Foreign Sovereign Immunities Act. The matter is before the Court on plaintiff's motion for summary judgment.

*Facts*

On or about February 2, 1989, plaintiff granted defendant Star Diamonds, Inc. ("SDI") two demand loans aggregating $1 million. SDI executed demand notes evidencing this indebtedness, and its principals, Prakash and Kashmira Chauhan, executed personal guarantees. The rights and obligations of the parties were set forth in a Credit Agreement of even date.

SDI defaulted almost immediately. In consequence, in March 1990, the loans were restructured to reduce the aggregate amount to $750,000 pursuant to a Credit Modification Agreement. SDI signed a reduced promissory note, and the Chauhans reaffirmed their unconditional personal guarantees.

In May 1994, following additional defaults by the defendants, the loan was restructured yet again. Pursuant to a Restructuring Agreement, SDI acknowledged that, as of February 28, 1994, it was in default under the 1989 Credit Agreement and the 1990 Credit Modification Agreement and that it was indebted to plaintiff in the aggregate sum of $953,303. Plaintiff conditionally agreed that it would waive a portion of the past due interest ($46,303.50) provided SDI strictly complied with the prepayment and other terms of the Restructuring Agreement.

The Restructuring Agreement obligated SDI to repay the sum of $907,000 within one year in full satisfaction of its then outstanding obligation to plaintiff, with interest payable on the first of each month at one percent above plaintiff's prime rate of interest. SDI executed a new demand note for $907,000, and the Chauhans again confirmed their previously executed guarantees. The Restructuring Agreement and the new note provided that plaintiff was entitled to declare the principal and all accrued interest due and payable in the event of a default, with interest at a default rate.

SDI made interest payments for only a few months and thereafter completely defaulted. On March 6, 1995, plaintiff declared SDI in default of its obligations under the Restruc-

turing Agreement and demanded repayment from SDI and the Chauhans. No payments were made. Plaintiff now seeks summary judgment against SDI and the Chauhans in the amount of $998,689.04. This sum consists of the unpaid principal ($907,000) plus past due interest in the amount of $46,303.50 plus interest accrued and unpaid from March 1 to April 25, 1995, which amounts to $45,-385.54.

Defendants acknowledge execution of all of the pertinent documents and that they "are in arrears in payment due to the Plaintiff pursuant to the loan documents ..." (Chauhan Aff. ¶ 13) They contend, however, that were unaware of the contents and implications of the documents they signed and, assuming that the loan documentation is enforceable, that the unpaid balance is less than plaintiff claims. They contend, moreover, that they should be afforded additional time for discovery with respect to the amount due to plaintiff.

### Discussion

■ 1. Defendants' claim that they did not read the loan documentation, even if credited, would be no defense. Indeed, defendants' papers do not seriously suggest that it is.

■ Under New York law, a party is legally bound by his or her signature to a contract. The party is "conclusively presumed to know its contents and to assent to them." *Metzger v. Aetna Insurance Co.*, 227 N.Y. 411, 416, 125 N.E. 814 (1920); *accord, Gillman v. Chase Manhattan Bank, N.A.,* 73 N.Y.2d 1, 11, 537 N.Y.S.2d 787, 791–92, 534 N.E.2d 824, 828 (1988); *Columbus Trust Co. v. Campolo,* 110 A.D.2d 616, 617, 487 N.Y.S.2d 105, 107 (2d Dept.), *aff'd,* 66 N.Y.2d 701, 496 N.Y.S.2d 425, 487 N.E.2d 282 (1985); *see Brian Wallach Agency, Inc. v. Bank of New York,* 75 A.D.2d 878, 879, 428 N.Y.S.2d 280, 282 (2d Dept.1980).

2. There is no genuine issue of fact as to the amount in dispute. The reply affidavit of Indrajit Gupta sets forth the computation in detail. The principal amount was $907,000. The interest for the period March 1 through April 25, 1994 was $101,785.54. Plaintiff concedes that defendants paid $56,400. The net amount of interest due therefore was $45,-385.54 (i.e., $101,785.54 − $56,400). In addi-

tion, plaintiff is entitled to past due interest in the amount of $46,303.50, which was conditionally waived by the Restructuring Agreement if, but only if, the defendants complied strictly with their obligations under that document, which they concededly have not done.

■ The only aspect of this computation with which defendants even arguably disagree is the plaintiff's assertion that defendants have made payments of only $56,400. Defendants claim that they thus far have amassed deposit slips evidencing payments which total $145,569.33. (Chauhan Aff. ¶ 9 & Ex. B) The deposit slips submitted, however, date back to 1991. Defendants thus ignore the fact that the loan was restructured on May 17, 1994 and, in consequence, that only deposits made after that date even arguably reflect payments made on the outstanding debt. Plaintiff counters that deposits made after May 17, 1994 reflected deposits to defendants' checking account and not payments on the loan.

The total of the post-May 17, 1994 deposits evidenced by the documents submitted by defendants is $51,189.75, which is less than the $56,400 plaintiff concedes they paid. Even if all of these deposits reflected payments on the outstanding indebtedness, there is no genuine issue with respect to defendants' liability to plaintiff in the aggregate amount of $998,689.04.

■ 3. Defendants' contention that they need more time for discovery in order to establish the full amount of the payments they have made to the plaintiff is without merit. Where a party seeks to defer a ruling on a motion for summary judgment in order to conduct further discovery, that party must establish (1) the nature of the uncompleted discovery, (2) how those facts are likely to create a genuine issue of fact, (3) what efforts the party has made to obtain those facts, and (4) why those efforts were unsuccessful. *Burlington Coat Factory Warehouse v. Esprit De Corp.,* 769 F.2d 919, 926 (2d Cir.1985).

Here the facts concerning the payments defendants have made on the indebtedness presumably are within defendants' control. Even more significant, the only evidence de-

**180**

fendants seek is the deposit slips and monthly statements for their account. (Chauhan Aff. ¶ 9) Subsequent to the submission of the Chauhans' affidavit, however, plaintiff filed the reply affidavit of Mr. Gupta to which are attached copies of the monthly statements, which are said to show all payments made on the loan. Defendants have not disputed the accuracy or completeness of the records submitted by plaintiff in the two months since they were filed. In consequence, there is no reason to defer decision.

### Conclusion

Plaintiff's motion for summary judgment is granted. The Clerk will enter judgment in favor of plaintiff against defendants, jointly and severally, in the amount of $998,689.04.

SO ORDERED.