**Michael SINNETT and Srinivasan Vallabhaneni, Plaintiffs,**

v.

**FRIENDLY ICE CREAM CORPORATION, et al., Defendants.**

**No. 03 CIV. 8235(SCR).**

United States District Court, S.D. New York.

March 29, 2004.

Eric A. Savage, Littler Mendelson, Newark, NJ, for Defendants.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

## I. *BACKGROUND:*

### A. Procedural History:

Michael Sinnett ("Mr. Sinnett")[1] has brought this lawsuit against Friendly Ice Cream Corporation, et al. (the "Defendants") alleging that during his employment with the Defendants, as the General Manager of the Friendly's Restaurant in Fair Lawn, New Jersey, he was asked to perform non-managerial functions and was entitled to overtime under the Fair Labor Standards Act ("FLSA"). Additionally, Mr. Sinnett's complaint alleges several common law claims against the Defendants, including causes of action for breach of contract, breach of the covenant of good

---

1. There are two plaintiffs in this matter, Mr. Sinnett and Srinivasan Vallabhaneni. The current motion to dismiss only involves the claims made by Mr. Sinnett.

faith and fair dealing, fraud and deceit, and negligent misrepresentation.

■ Pursuant to Rule 12(b)(1) (subject matter jurisdiction) [2] and/or Rule 12(b)(6) (failure to state a claim) [3] of the Federal Rules of Civil Procedure, the Defendants have moved to dismiss Mr. Sinnett's complaint or, in the alternative, to compel arbitration on two grounds: (1) the Federal Arbitration Act mandates the enforcement of the parties' agreement to arbitrate claims; and (2) Mr. Sinnett has waived his right to arbitration by electing to litigate his claims before this Court. (the "Defendants' Motion"). Mr. Sinnett filed an opposition to the Defendants' Motion (the "Plaintiff's Motion") and the Defendants filed a reply to the Plaintiff's Motion. ("Defendant's Reply").

### B. Statement of Facts:

There do not appear to be many material facts in dispute regarding the factual and procedural chronology that gave rise to this action. As forth above, Mr. Sinnett has brought suit against the Defendants for alleged events that occurred during his employment with the Defendants. Mr. Sinnett was hired by the Defendants on April 13, 1985, as a Manager Trainee, and became the General Manager of the Friendly's Restaurant in Fair Lawn, New Jersey on February 20, 1987. On May 20, 2003, Mr. Sinnett executed an Employment Dispute Resolution Policy and Contract to Arbitrate Disputes for Present Employees (the "Agreement") with the Defendants. Mr. Sinnett resigned from employment with the Defendants on June 15, 2003 and filed the present action in New York State Supreme Court on October 7, 2003. The Defendants removed the case to the United States District Court for the Southern District of New York on October 17, 2003. On October 22, 2003, the Defendants sent Mr. Sinnett and his counsel a letter notifying him of the Agreement and requesting that he withdraw from the action and engage in arbitration pursuant to the Agreement. To this Court's knowledge, neither Mr. Sinnett nor his counsel has responded to that communication to date. The Defendants' Motion was filed on October 31, 2003.

## II. ANALYSIS:

The Defendants have asked this Court to (1) dismiss Mr. Sinnett's cause of action

---

2. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). In resolving the question of jurisdiction, the District Court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. See *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997).

3. When reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept "as true the facts alleged in the Complaint." *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.,* 32 F.3d 697, 699–700 (2d Cir.1994). "Given the Federal Rules' simplified standard for pleading, 'a court may dismiss a complaint *only* if it is clear that no relief could be granted under *any* set of facts that could be proved consistent with the allegations.' " *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (emphasis added) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the task of the court addressing the 12(b)(6) motion is not to determine the weight of the evidence, but only to assess the legal feasibility of the complaint. *Sims v. Artuz,* 230 F.3d 14, 20 (2d Cir.2000).

and (2) to rule that because Mr. Sinnett "knowingly repudiated" the Agreement, he has waived his right to arbitrate his claims. Alternatively, the Defendants have asked this Court to either stay or dismiss the proceeding and enter an order compelling Mr. Sinnett to arbitrate his claims.

**A.** WHETHER THE FEDERAL ARBITRATION ACT MANDATES THE ENFORCEMENT OF THE PARTIES' AGREEMENT TO ARBITRATE CLAIMS:

▆ The Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA") covers arbitration provisions that are contained in employment contracts and arbitration agreements, including the provisions such as those contained in the Agreement relevant to the instant matter. *See Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Section 2 of the FAA provides that written arbitration agreements "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 of the FAA provides for a stay of legal proceedings when the court is satisfied that the issue is arbitrable under an arbitration agreement. 9 U.S.C. § 3; *see also Genesco, Inc. v. T. Kakiuchi & Co., Ltd.,* 815 F.2d 840, 844 (2d Cir.1987). Section 4 of the FAA states that a District Court should order parties to proceed in arbitration if there has been a "failure, neglect, or refusal of any party to honor an agreement to arbitrate." *Genesco* at 844 *quoting Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 511, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). The Second Circuit addressed this issue and found that the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Genesco* at 844 *quoting Dean*

*Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) (emphasis in original). Likewise, the Supreme Court has interpreted the FAA broadly finding a "liberal policy favoring arbitration agreements." *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

▆ In light of the above, the Second Circuit has articulated four criteria to determine whether proceedings should be stayed pending arbitration or dismissed, as the case may be. *Genesco* at 844. The District Court must assess each of the following: (1) whether the parties agreed to arbitrate; (2) whether the asserted claims fall within the scope of the arbitration agreement; (3) if federal statutory claims are at issue, whether Congress intended such claims to be non-arbitrable; and (4) if only some of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration. *Id.* In the case at bar, this Court finds that (a) the above criteria have been satisfied and (b) all of Mr. Sinnett's claims are subject to arbitration; therefore, this Court must dismiss Mr. Sinnett's claims.

**(1)** Agreement to Arbitrate:

▆ First, when determining whether a contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts" to decide "whether the parties agreed to arbitrate a certain matter." *First Options, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Pursuant to state contract law, "it is axiomatic that where the language of a contract is unambiguous, the parties' intent is determined within the four corners of the contract, without reference to exter-

nal evidence." *Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202, 1210 (2d Cir. 2002). In New York, the case law provides that parties are bound "by the contracts they sign whether or not the party has read the contract so long as there is no fraud, duress or some other wrongful act of the other party." *Tuskey v. Volt Information*, 2001 WL 873204, at *3, 2001 U.S. Dist. LEXIS 10980, at *9 (S.D.N.Y. Aug. 3, 2001) (citing *State Bank of India v. Star Diamonds, Inc.*, 901 F.Supp. 177, 179 (S.D.N.Y.1995)). In the case at bar, the Defendants have included a copy of the Agreement with the Defendants' Motion. It is clear on its face, and Mr. Sinnett has not contested, that he executed the Agreement. Nor has there been any allegation of fraud, duress or other wrongful action by the Defendants that would negate such action.

■ Mr. Sinnett argues that—notwithstanding the above—this Court should deny the Defendants' Motion because agreements (such as the Agreement in this case) that require employees to bring FLSA claims by arbitration are not enforceable. In support of his theory, Mr. Sinnett relies upon cases that were decided in the context of collective bargaining agreements. *See e.g. Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *Tran v. Tran*, 54 F.3d 115 (2d Cir.1995). In this case there is no collective bargaining agreement at issue. This Court agrees with Mr. Sinnett that a key purpose of the FLSA was to give protection to individual workers. However, the current case is distinguishable from the scenario when a union has agreed to a collective bargaining agreement, which mandates arbitration of claims by the union members. In this case, Mr. Sinnett voluntarily executed the Agreement, whereby he agreed to resolve any claims or disputes relating to his employment, including without limitation those brought under the FLSA, through arbitration.

Therefore, this Court finds that the parties agreed to arbitration pursuant to the execution of the Agreement.

(2) Scope of the Agreement:

■ Second, the Supreme Court has articulated a policy that favors arbitration and federal courts are directed to "construe arbitration clauses as broadly as possible[.]" *Oldroyd v. Elmira Sav. Bank*, 134 F.3d 72, 76 (2d Cir.1998). Accordingly, claims are entitled to a "presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that [it] covers the asserted dispute." *Calamia v. Riversoft, Inc.*, 2002 WL 31779991 at *3 (E.D.N.Y. 2002).

■ In the current case, the relevant portion of the Agreement provides that: Both of us agree...*we will settle all claims or disputes about work, or relating to your individual application for work or end of your work* with the Company, exclusively through the Company Open Door Policy, and if this procedure fails, then by final and binding arbitration using this Dispute Resolution Policy and Contract to Arbitrate Disputes[.] For example, these disputes include claims under any statute or common law, like the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, *the Fair Labor Standards Act,* the National Labor Relations Act, state statutes like them, or statutes and *common law on work or hiring, the Law of Contract, the Law of Tort, claim for malicious prosecution, wrongful firing, wrongful arrest or imprisonment, intentional or*

*negligent infliction of emotional distress or defamation.*

Agreement, Page 1 (emphasis added). The language of the Agreement in question is extremely broad. In addition to the initial catchall language, the Agreement specifically subjects a number of statutory and common law claims to arbitration; including without limitation the FLSA and the entire universe of Mr. Sinnett's common law claims.

Therefore, this Court finds that the second prong of the *Genesco* has been satisfied.

### (3) Arbitration and FLSA:

■ Third, as described in the previous section, the language of the Agreement enumerates specific federal statutes that are subject to the Agreement. One of the statutes that is enumerated is the FLSA, which, by virtue of the fact that it was specifically cited, clearly was intended to be covered by the Agreement and the parties. Mr. Sinnett contends that it was Congress's intent for an employee's rights under the FLSA to be non-waivable; therefore, Mr. Sinnett argues that the Agreement is not binding. However, Mr. Sinnett's argument commences from the false assumption that by agreeing to arbitration those rights are being waived. This is not the case, Mr. Sinnett has not waived any of his rights under the FLSA; rather he has agreed to have those rights adjudicated in an alternative forum than this Court. Mr. Sinnett has not directed this Court to any case law that would support his position that Congress intended for FLSA claims to be non-arbitrable. This Court agrees with the holding of another District Court in this jurisdiction that claims brought under the FLSA may be addressed pursuant to an arbitration agreement. *See Steele v. L.F. Rothschild,* 701 F.Supp. 407 (S.D.N.Y.1988).

Therefore, this Court finds that the third prong of the Second Circuit's test has been satisfied.

### (4) Remaining claims:

Finally, as set forth above, the language of the Agreement, which is cited in Section II(A)(2), is very broad and encompasses Mr. Sinnett's FLSA claim as well as his common law causes of action. Mr. Sinnett does not have any cause of action before this Court other than those subject to arbitration.

Having found that all of the *Genesco* criteria are satisfied, this Court must decide whether to stay or dismiss the action with respect to Mr. Sinnett. There is no reason for this Court to stay this action because all of Mr. Sinnett's claims are subject to resolution through arbitration, rather than litigation, and there are no remaining claims properly before this Court. Accordingly, this Court lacks jurisdiction to adjudicate Mr. Sinnett's claims and his complaint is dismissed.

**B. WHETHER MR. SINNETT HAS WAIVED HIS RIGHT TO ARBITRATION BY ELECTING TO LITIGATE HIS CLAIMS BEFORE THIS COURT:**

Having found that Mr. Sinnett's claims were covered by the Agreement and should have been addressed through arbitration, rather than litigation, this Court must also decide whether Mr. Sinnett has waived his right to proceed with arbitration. This Court finds that the provisions of the FAA and the law of the Second Circuit dictate that Mr. Sinnett should be permitted to engage in arbitration pursuant to the Agreement; notwithstanding the Defendants' arguments to the contrary.

■ As set forth above, Section 4 of the FAA states that a District Court should order parties to proceed in arbitra-

tion if there has been a "failure, neglect, or refusal of any party to honor an agreement to arbitrate." *Genesco* at 844. Additionally, the Second Circuit has held that the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Genesco* at 844. The Defendants' arguments to the contrary and reliance on *Sweater Bee by Banff, Ltd. v. Manhattan Industries, Inc., et al.,* 754 F.2d 457 (2d Cir.1985) and *Zurich Ins. Co. v. Evans,* 89 Misc.2d 717, 392 N.Y.S.2d 564 (Civ.Ct.1977) are not persuasive or applicable.

By initiating this lawsuit, Mr. Sinnett failed, neglected and/or refused to honor the Agreement. Pursuant to the FAA, as interpreted by the Second Circuit, this Court does not have the discretion to weigh the competing interests of Mr. Sinnett and the Defendants. The FAA mandates that District Courts must direct arbitration on issues covered by a signed arbitration agreement; even if there has been, as there is in the current case, a "failure, neglect, or refusal of any party to honor" such an agreement. See 9 U.S.C. § 4. Therefore, this Court directs the parties to proceed with arbitration and the Defendants' argument for an order that Mr. Sinnett waived his right to arbitration is denied.

### III. *CONCLUSION:*

For all of the foregoing reasons, this Court dismisses Mr. Sinnett's claims and orders the parties to proceed with arbitration in accordance with the terms and conditions of the Agreement.

It is so ordered.