In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v MARIE L. HERNANDEZ et al., Respondents, et al., Respondents. [945 NYS2d 548]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered August 24, 2011, which, to the extent appealed from, denied the petition seeking a permanent stay of arbitration of an uninsured motorist claim, and dismissed the proceeding brought pursuant to CPLR article 75, unanimously modified, on the law, to reinstate the proceeding, grant petitioner's alternative request for a temporary stay of arbitration pending a determination regarding the insurance coverage of the alleged uninsured motorist, remand the matter to the Supreme Court for proceedings consistent with this order, and otherwise affirmed, without costs.

Respondent Hernandez, a New York resident, was involved in an accident in New Jersey with a Freightliner tractor trailer driven by additional respondent Byron. Hernandez filed a demand with the American Arbitration Association against petitioner State Farm Mutual Automobile Insurance Company, her insurer, seeking to arbitrate her uninsured motorist claim. State Farm reported the claim to additional respondent Lincoln General Insurance Company, which had issued a policy to the Association of Independent Drivers of America. Byron is a certificate holder of the policy. Lincoln General disclaimed coverage

on the ground that Byron was engaged in a business pursuit at the time of the accident. It invoked an exclusion in its "non-trucking" policy, which excluded from coverage an insured vehicle that was being used for a business purpose.

State Farm, relying on *Royal Indem. Co. v Providence Washington Ins. Co.* (92 NY2d 653 [1998]), argues that the exclusion is void as against public policy, as it violates New York law provisions requiring owners or operators of vehicles used or operated in this state to be financially liable for injuries or damages caused by an accident arising out of use of the vehicle (*see* Vehicle and Traffic Law § 388 [1]; Insurance Law § 3420 [e]). Lincoln General counters with an argument raised for the first time on appeal, that New York law does not apply in interpreting the policy. Lincoln General contends the accident occurred in New Jersey, Lincoln General is located in Pennsylvania, the Association of Independent Drivers of America is located in Florida, the owner of the truck is located in Texas, Byron was hauling a trailer owned by a Texas corporation, and Byron resides in Texas.

Although Lincoln General asserts on appeal that the truck is not principally garaged or used in New York, there is no evidence in the record to support that claim. Moreover, Lincoln General has not indicated where the policy was issued or delivered or where the truck was principally operated or garaged. As such, the record is insufficient to determine whether New York law is inapplicable. Accordingly, we remand the matter to Supreme Court for a determination of Byron's insurance status (*see Matter of Aetna Cas. & Sur. Co. [Bruton]*, 45 NY2d 871 [1978], *revg on the dissenting mem at* 58 AD2d 551, 553-554 [1977]; *Matter of American Intl. Adj. Co. [Walker]*, 111 AD2d 684 [1985]). In addition to issues it deems necessary to make such a determination, the court is to determine whether New York law applies in interpreting Lincoln General's policy. If New York law governs, then Lincoln General's policy is to be interpreted in accordance with *Royal Indem. Co. v Providence Washington Ins. Co.* (92 NY2d 653 [1998]). If the court determines that the laws of a state other than New York apply, then it must also be determined whether the trucking exclusion bars coverage to Byron under that state's law. Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.